UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MERCEDES KOTCHEV AND | § | |
| GEORGE KOTCHEV, | § | |
|     Plaintiffs | § | CIVIL ACTION NO. |
| | § | |
| VS. | § | |
| | § | 2:11-cv-98 |
| G & S METAL PRODUCTS CO., INC. | § | |
| AND FAMILY DOLLAR STORES, INC., | § | |
|     Defendants | § | |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiffs, Mercedes Kotchev and George Kotchev, complaining of G & S

Metal Products Co. and Family Dollar Stores, Inc.

PARTIES

1.    Plaintiff Mercedes Kotchev is a resident and citizen of Longview, Texas.

2.    Plaintiff George Kotchev, the spouse of Mercedes Kotchev, is a resident and citizen of

Longview, Texas.

3.    Defendant G&S Metal Products Co., Inc. ( "G&S") is a corporation incorporated in the state

of Ohio with an office and principal place of business located at 3330 East 79th Street,

Cleveland, Ohio 44127-1831.

4.    Defendant G&S, although it does business in the State of Texas, does not have registered

agent for service of process designated in and for the State of Texas. Under Tex. Civ. Prac.

& Remedies Code sec. 17.044(b), the Secretary of State is an agent for service of process on

a nonresident who engages in business in this state but does not maintain a designated agent for service of process. Consequently, Defendant G&S may be served by serving  the Secretary of State at the following address: Office of the Secretary of State, Statutory Documents  Section - Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079.  The Secretary of State is then requested to forward the Citation and a copy of this Complaint to Defendant G & S Metal Products Co., Inc., 3330 E. 79th Street, Cleveland, Ohio 44127-1831.

5.      Defendant Family Dollar Stores, Inc. is a corporation , incorporated in the state of Delaware, and having its office and principal place of business located at 10401 Monroe Road, Matthews, North Carolina, 28105, with a mailing address of Post Office Box 1017, Charlotte, North Carolina 28201-1017.

6.      Defendant Family Dollar Stores, Inc. ("Family Dollar"), although it does business in the State of Texas, does not have registered agent for service of process designated in and for the State of Texas.  Under Tex. Civ. Prac. & Remedies Code sec. 17.044(b), the Secretary of State is an agent for service of process on a nonresident who engages in business in this state but does not maintain a designated agent for service of process .  Consequently, Defendant Family Dollar Stores, Inc. may be served by serving  the Secretary of State at the following address: Office of the Secretary of State, Statutory Documents  Section - Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079.  The Secretary of State is then requested to forward the Citation and a copy of this Complaint to Defendant Family Dollar Stores,  Inc., P. O. Box 1017, Charlotte, North Carolina 28201-1017.

## JURISDICTION AND VENUE

7.      Jurisdiction is based on diversity of citizenship of the parties, and an amount in controversy

in excess of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Plaintiff, Mercedes Kotchev, purchased the product that forms the basis of this lawsuit in Longview, Gregg County, Texas. The injuries made the basis of this Complaint occurred in Gregg County, Texas which is located within the Eastern District of Texas.    Defendants promoted, warranted, marketed, distributed and sold the product that forms the basis of this lawsuit in this District. These Defendants maintain such contacts within this District so as to subject them to personal jurisdiction.

## FACTS

8.    Plaintiff, Mercedes Kotchev, on April 3, 2010, suffered severe burns on her upper legs  as a direct result of her use of a measuring cup which was purchased from Defendant Family Dollar and which was marketed, warranted, distributed, sold, and placed into the stream of commerce by Defendant G&S.

9.    The measuring cup is identified as a GS EZ Handy Helpers 2 ½ cup measuring cup.  The label affixed to the measuring cup shows the price of $ 1.00 and specifically states that it is "Microwave safe".  The label affixed to the measuring cup also states: ©2009 G & S Metal Products Co.; Inc.   P. O. Box 78150, Cleveland, Ohio 44105; Made in China; and www.gsmetal.com.  Upon information and belief, at all relevant times hereto, Defendant G&S by and through its employees, agents, affiliates, subsidiaries, and representatives, was involved in advertising, promoting, marketing, distributing, and/or selling the measuring cup at issue in this lawsuit.

10.   The label contains the following language which amounts to a written guarantee and an express warranty that the measuring cup was supposedly free from defects in material or workmanship:

> G & S Metal Products Co., Inc. guarantees this product to be free from defects in material or workmanship. If you are not satisfied with our product's performance for any reason, we will gladly, on return, of the product to 3330 East 79th Street, Cleveland, Ohio 44127, repair or replace it with the same item or one of similar value. This warranty gives you specific legal rights and you may also have other rights which vary from state to state.

11.   At all times material hereto, and prior to the time that Plaintiff Mercedes Kotchev purchased the measuring cup, Defendants knew or should have known that the risk of the measuring cup melting  if placed in, and/or its contents heated in, a microwave oven.

12.   Defendants marketed the measuring cup as being microwave safe, as evidenced by the wording of the label affixed to the measuring cup.

13.   Defendants' marketing and advertisements failed to adequately warn the public and Plaintiffs of the significant risk that the measuring cup was, in fact, not microwave safe and that it would, or had the propensity to, melt if placed in, and/or its contents heated in, a microwave oven.

14.    Defendants' consumer advertisements did not communicate the actual risks associated with the measuring cup, in that they failed to warn of the risk of the measuring cup melting if placed in, and/or its contents heated in, a microwave oven.

15.   Defendants' marketing and advertising efforts downplayed the safety risks of the measuring cup.   Instead, Defendants' warning label specifically states that the measuring cup is microwave safe.

16.    The wording contained on the label of the measuring cup is misleading. The label states that it is microwave safe, when, in truth and in fact, it is now known that the measuring cup at issue is not microwave safe.

17.    On or about April 3, 2010, Plaintiff Mercedes Kotchev purchased the measuring cup at issue from the Family Dollar Store located at 2604 Gilmer Road, in Longview, Gregg County, Texas.

18.    On or about April 3, 2010, Plaintiff Mercedes Kotchev, after purchasing the measuring cup, took it home, placed soap in the measuring cup in order to make soap, and placed the measuring cup, with the soap inside it, in her microwave oven.

19.    Plaintiff Mecedes Kotchev then heated the measuring cup and its contents in her microwave oven.  After heating, she removed the measuring cup from the microwave.

20.    As Plaintiff Mercedes Kotchev removed the measuring cup from her microwave oven, she walked over to a table, sat down with the measuring cup in her hand and began stirring the soap in the measuring cup.  During the process of stirring the soap in the measuring cup over the tops of her legs, the contents of the measuring cup leaked out of the bottom of the measuring cup and  onto the tops of her legs, causing serious burns to her legs.

21.    On or about April 3, 2010, shortly after the contents of the melted measuring cup leaked out of the cup and onto Plaintiff's legs,  Plaintiff Mercedes Kotchev went to the emergency room at Good Shepherd Medical Center in Longview, Texas, and was diagnosed with severe burns.

## FIRST CAUSE OF ACTION:

## STRICT PRODUCTS LIABILITY/ DEFECTIVE MARKETING

## AND FAILURE TO WARN AGAINST G&S

22.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

23.     The measuring cup is defective and unreasonably dangerous because it does not sufficiently warn of the likelihood of melting of the measuring cup if heated in a microwave oven and accompanying burns and other damages to the user of the product.  G&S failed to give adequate warning of the measuring cup's dangers that were known or should have been known or it failed to give adequate instructions to avoid such dangers.  The warnings provided by G&S are defective in that they do not mention the propensity of the measuring cup to melt when heated in a microwave oven.  In fact, on the label for the measuring cup, G&S states the measuring cup is microwave safe without any conditional or restrictive language that implies anything to the contrary.  Such failures rendered the measuring cup unreasonably dangerous as marketed.

24.     The marketing defects and failures to warn regarding the measuring cup were a producing cause of injuries to Plaintiffs. Had Plaintiff Mercedes Kotchev not been mislead and instead been warned of the true nature of the risk, she would not have purchased or used the measuring cup.

25.      Plaintiffs therefore invoke the Doctrine of Strict Liability, Section 402A, RESTATEMENT (SECOND) OF TORTS, and as adopted by the Supreme Court of Texas.

## SECOND CAUSE OF ACTION:

## BREACH OF EXPRESS WARRANTY BY G&S AND FAMILY DOLLAR

26.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding

paragraphs, as if fully set forth herein.

27.     Defendants expressly warranted that the measuring cup was a safe and effective measuring

cup, expressly stating it was "microwave safe".   Defendants further expressly warned the

measuring cup to be free from defects in material or workmanship.

28.     The measuring cup does not conform to these express representations because the measuring

cup is not microwave safe and not free from defects in material or workmanship as expressly

stated and warranted by Defendants.

29.     Plaintiffs relied on the express warranties of Defendants and the representation became part

of the basis of the bargain in purchasing the measuring cup.

30.     Defendants breached the aforesaid express warranties, as the measuring cup did not conform

with the representations and was defective.   Plaintiffs notified Defendants of the breach.

31.     Defendants expressly represented to Plaintiffs  that the measuring cup was safe and fit for

use for the purposes intended and that it was of merchantable quality, and that it was

adequately tested and fit for its intended use.

32.     Defendants knew or should have known that, in fact, said representations and warranties

were false, misleading and untrue in that the measuring cup was not safe and fit for the use

intended, and in fact, produced serious injuries to users that were not accurately identified

and represented by Defendants.

33.     As a direct and proximate cause of the Defendants' breach of express warranties, Plaintiffs

suffered injuries.

## THIRD CAUSE OF ACTION:

### MISREPRESENTATION (§402B) BY G&S AND FAMILY DOLLAR

34.　Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

35.　Defendants represented to Plaintiffs that the measuring cup was microwave safe.  The measuring cup purchased and used by Plaintiffs was not microwave safe and the representation by Defendants that the measuring cup was microwave safe involved a material fact concerning the character or quality of the measuring cup.

36.　Plaintiffs relied on the representation made by Defendants in purchasing the measuring cup.

37.　The misrepresentation by Defendants was a producing cause of the injuries to Plaintiffs.

37a..　 Plaintiffs therefore invoke the Doctrine of Strict Liability, Section 402B, RESTATEMENT (SECOND) OF TORTS, and as adopted by the Supreme Court of Texas.

## FOURTH CAUSE OF ACTION:

### BREACH OF IMPLIED WARRANTIES BY G&S AND FAMILY DOLLAR

38.　Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

39.　At the time Defendants marketed, sold and distributed the measuring cup for use by the public and at the time of purchase by Plaintiffs, Defendants knew of the particular use for which  the measuring cup was intended and impliedly warranted the product to be of merchantable quality and safe and fit for a particular purpose.

40.　Defendants impliedly represented and warranted to the users of the measuring cup that the

measuring cup was microwave safe and of merchantable quality and fit for the ordinary purpose for which said product was to be used and for the particular purpose of heating the measuring cup in a microwave oven.

41.   The said representations and warranties aforementioned were false, misleading, and inaccurate in that the measuring cup was unsafe, unreasonably dangerous, improper, not of merchantable quality, defective and not fit for the particular use as warranted.

42.   Plaintiffs relied on the implied warranty of merchantability of fitness for a particular purpose and Defendants had reason to know Plaintiffs and buyers in general were relying on the skill and judgment of Defendants to select or furnish a suitable measuring cup that would not melt in the microwave.

43.   Plaintiffs reasonably relied upon the skill and judgment of Defendants as to whether the measuring cup was of merchantable quality and safe and fit for its particular purpose.

44.   Defendants released the measuring cup into the stream of commerce in a defective, unsafe, unmerchantable, inherently dangerous and unfit for the particular purpose and the products and materials were expected to and did reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

45.   The Defendants herein breached the aforesaid implied warranties, as  the measuring cup was not merchantable or fit for its particular purposes and uses.  Plaintiffs notified Defendants of the breach.

46.   As a direct and proximate cause of the Defendants' breach of implied warranties, Plaintiffs suffered injuries.

## FIFTH CAUSE OF ACTION:

## NEGLIGENCE OF G&S

47.   Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

48.   Defendant G&S  had a duty to exercise reasonable care in the marketing, distribution, and sale of the measuring cup into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and adverse events.

49.   Defendant G&S  failed to exercise ordinary care and breached its duty of ordinary care in the marketing, distribution, and sale  of the measuring cup in that Defendant G&S knew or should have know that the product caused such significant bodily harm or death and was not safe for use by consumers.  Specifically, G&S stated the measuring cup was microwave safe and it was free from defects in material or workmanship.  These statements were negligently made and G&S breached its duty to exercise ordinary care.

50.   Defendant G&S  also failed to exercise ordinary care in the labeling of the measuring cup and failed to issue to consumers adequate warnings of the risk of serious bodily injury due to the use of the measuring cup.  This breach of the duty to exercise ordinary care was negligent.

51.   Despite the fact that Defendant knew or should have known that the measuring cup posed a serious risk of bodily harm to consumers, Defendant G&S continued to market , distribute, and sell the measuring cup for use by consumers.

52.   As a direct and proximate cause of Defendant G&S's negligence, Plaintiffs suffered injuries.

## SIXTH CAUSE OF ACTION:

## NEGLIGENCE OF FAMILY DOLLAR

53.     Plaintiffs hereby incorporate by reference each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

54.     Defendant Family Dollar had a duty to exercise reasonable care in the marketing and sale of the measuring cup into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and adverse events.

55.     Defendant Family Dollar  failed to exercise ordinary care and breached its duty of ordinary care in the marketing and sale of the measuring cup into interstate commerce in that Defendant Family Dollar knew or should have know that the product caused such significant bodily harm or death and was not safe for use by consumers. Specifically, Family Dollar placed in its store for sale to the public and Plaintiffs a measuring cup which it represented to be microwave safe and it was free from defects in material or workmanship.  These statements were negligently made and Family Dollar breached its duty to exercise ordinary care.

56.     Defendant Family Dollar also failed to exercise ordinary care by selling a measuring cup with labeling on the measuring cup which claimed to be microwave safe when it was not and it failed to issue to consumers adequate warnings of the risk of serious bodily injury due to the use of the measuring cup. This breach of the duty to exercise ordinary care was negligent.

57.     Despite the fact that Defendant Family Dollar knew or should have known that the measuring cup posed a serious risk of bodily harm to consumers, Defendant Family Dollar continued to sell and market the measuring cup for use by consumers.

58.     As a direct and proximate cause of Defendant Family Dollar's negligence, Plaintiffs suffered injuries

## DAMAGES

59.     As a direct, proximate and producing cause of the above-described actions of Defendants, Plaintiff Mercedes Kotchev would show that she has suffered actual damages within the jurisdictional limits of this Court, which elements of said damages are as follows:

a. PHYSICAL PAIN which has been sustained from the date of occurrence to the time of verdict herein;

b. PHYSICAL PAIN which will be suffered after the date of verdict herein;

c. MENTAL ANGUISH which has been sustained from the date of occurrence to the time of verdict herein;

d. MENTAL ANGUISH which will be suffered after the date of verdict herein;

e. REASONABLE AND NECESSARY COSTS of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which have been incurred from the date of occurrence to the time of verdict herein;

f. REASONABLE AND NECESSARY COSTS of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which will be incurred in the future after the date of verdict herein;

g. PHYSICAL IMPAIRMENT which has been sustained from the date of occurrence to the date of verdict herein;

h. PHYSICAL IMPAIRMENT which will be sustained in the future after the date of verdict herein;

i. DISFIGUREMENT which has been sustained from the date of occurrence to the date of verdict herein;

j.  DISFIGUREMENT which will be sustained in the future after the date of verdict herein;

k. LOST EARNINGS which have been sustained from the date of occurrence to the time of verdict herein; and

l. LOST EARNINGS which will be sustained in the future after the date of verdict herein.

60.    As a direct and proximate result of the above described actions of Defendants, Plaintiff George Kotchev would show that he has suffered actual damages within the jurisdictional limits of this Court, which elements of said damages are as follows:

a. loss of household services including the performance of household and domestic duties by his wife; and

b. loss of consortium including the mutual right to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love and felicity to a successful marriage.

## INTEREST

61.    Plaintiffs further request that they receive all interest, both prejudgment and post-judgment, to which they are by law entitled from the date of the above described wrongful acts until any judgment obtained is paid.

## DEMAND FOR JURY TRIAL

62.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury as to all issues of

their Complaint filed against Defendants.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiffs Merdeces Kotchev and George Kotchev pray that Defendants

G&S Metal Products Co., Inc. and Family Dollar Stores, Inc. be cited to appear and answer, and that

on final trial, Plaintiffs have and recover the following:

1. Judgment against Defendants, jointly and severally, for economic, non-economic, and compensatory damages,

2. Prejudgment interest as provided by law,

3. Post-judgment interest as provided by law,

4. Costs of suit, and

5. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

Bruce A. Smith
State Bar No. 18542800
E-mail:  bsmith@wsfirm.com
T. John Ward, Jr.
State Bar No. 00794818
E-mail: jw@wsfirm.com
Thomas W. Reardon, Jr.
State Bar No. 16640500
E-mail: treardon@wsfirm.com
Ward & Smith Law Firm
PO Box 1231
Longview, Texas  75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)